# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Rusty Ennis-White & Jonathon Ennis-White, individually and as legal spouses,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Mutual Insurance Company, an Ohio company; Caesars Entertainment Corporation, a Delaware company; Christopher Johnson, an individual; Flamingo Las Vegas Operating Company, LLC, a Nevada limited liability company; Arch Indemnity Insurance Company, a Missouri company; Broadspire Services, Inc., a Delaware company,<br><br>Defendants. | Case No. 2:23-cv-01863-APG-DJA<br><br>**Order** |

      Before the Court are Plaintiffs' motion for entry of clerk's default (ECF No. 20) and Defendant Arch Indemnity Insurance Company's motion to quash service of process and set aside default (ECF No. 25). Plaintiffs move for entry of Clerk's default because Arch failed to plead or otherwise defend against the first amended complaint despite being served on November 13, 2023. (ECF No. 20 at 2). Plaintiffs assert that they served Arch via CSC – Lawyers Incorporating Service Company and attach an affidavit of service. (*Id.* at 2, 10). Nationwide then removed the action to federal court on November 13, 2023. (ECF No. 1). But Arch has not responded in the federal court action.

      Arch asserts that Plaintiffs' service was improper because Plaintiffs did not serve Arch under Nevada Revised Statute (NRS) § 680A.250, which requires that foreign insurance companies be served exclusively through the Nevada Commissioner of Insurance. (ECF No. 27 at 2). Arch moves to quash Plaintiffs' service of process on those grounds and to set aside Plaintiffs' proposed entry of default and dismiss Plaintiffs' complaint. (ECF No. 25 at 2).

Plaintiffs argue that NRS 680A.250 does not apply to their case because they are not bringing an insurance claim, but instead bring claims "more akin to business tort." (ECF No. 30 at 2). Because the Court finds that service was improper, it denies Plaintiffs' motion for entry of clerk's default and grants in part and denies in part Arch's motion to quash service, set aside entry of default, and dismiss.

I. **Legal standard.**

The Court lacks jurisdiction over defendants who have not been properly served. *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Accordingly, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a court to dismiss an action for process deficiencies. Fed. R. Civ. P. 12(b)(4)-(5); *Manalastas v. Joie de Vivre Kabuki,* LLC, No. 23-cv-03957-HSG, 2024 WL 390042, at *1 (N.D. Cal. Jan. 31, 2024). Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted. *Manalastas*, 2024 WL 390042, at *1. When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, the Court has the discretion either to dismiss the action or to allow it to remain on file but quash the service of process. *Fuentes v. Nat'l Tr. Co. Deutsche Bank*, No. 22-cv-04953-BLF, 2023 WL 2278701 at *2 (N.D. Cal. February 27, 2023). "So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). When a case is removed to federal court, the sufficiency of the service of process prior to removal is governed by state law. *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017).

Under Nevada law, foreign insurers must be served with process through the Insurance Commissioner. *King v. Mut. of Omaha Ins. Co.*, No. 2:18-cv-01821-JCM-CWH, 2019 WL 2518116, a *2 (D. Nev. June 18, 2019). "Before the Commissioner may authorize it to transact

insurance in this state, each insurer must appoint the Commissioner as its attorney in fact to receive service of legal process issued against the insurer in this state." Nev. Rev. Stat. § 680A.250(1). "Service of such process against a foreign or alien insurer must be made only by service thereof upon the Commissioner." Nev. Rev. Stat. § 680A.250(3). Additionally, "service must be made by delivering to and leaving with the [Nevada] Division [of Insurance], one copy of the process, together with the fee therefor…" Nev. Rev. Stat. § 680A.260(1). When service is made in the statutorily mandated manner, service is complete when the Division forwards the process with the date and time of service on the Division to the person currently designated to receive the copy as provided by specific statute and then the insurer gets an additional ten days to answer. Nev. Rev. Stat. § 680A.260(2)-(3). "A 'foreign' insurer is one ... [f]ormed under the laws of any jurisdiction other than [Nevada]." Nev. Rev. Stat. § 679A.090(2)(a).

Rule 55 of the Federal Rules of Civil Procedure provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. *King*, 2019 WL 2518116, at *2. Where this failure is "shown by affidavit or otherwise," the clerk must enter that party's default under Fed. R. Civ. Proc. 55(a). "The court may set aside an entry of default for good cause." *Id.* at 55(c). "Good cause" is determined through three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). This test is disjunctive, and proof of any of these three factors may justify setting aside the default. *See Brandt v. American Bankers Insurance Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

Overarching these factors is the Ninth Circuit's stated policy favoring adjudication of disputes on their merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), with doubts resolved in favor of setting aside the default. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). It is within the court's discretion whether to set aside a default. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The court's discretion is especially broad when it is the clerk's entry of default that is being set aside, rather than a default judgment. *Id.*

**II.     Discussion.**

The Court denies Plaintiffs' motion for entry of clerk's default, and grants in part Arch's motion to quash service, set aside default, and dismiss. The parties do not dispute that Arch is a foreign insurer and thus service upon it falls within the purview of NRS 680A.250. Plaintiffs simply argue that, because they are not bringing insurance claims and because Arch had notice of the lawsuit, the Court should equitably consider their service accomplished. However, Plaintiffs provide no authority to support their requested relief.

The Court thus grants Arch's motion to quash service in part. It grants that motion in part regarding Arch's request that the Court quash service. The Court will give Plaintiffs another opportunity to properly serve Arch. It denies that motion regarding Arch's request to set aside the clerk's entry of default as moot because the Clerk has not yet entered default in this case. It also denies Arch's request that the Court dismiss Plaintiff's complaint because Arch has received notice of the complaint even though it has not been properly served, as evidenced by its motion practice. The Court denies Plaintiffs' motion for entry of clerk's default given the service deficiencies.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for entry of clerk's default (ECF No. 20) is **denied.**

**IT IS FURTHER ORDERED** that Arch's motion to quash service of process, set aside default, and dismiss (ECF No. 25) is **granted in part and denied in part.** It is granted in part regarding Arch's request that the Court quash service. The Court will give Plaintiffs another opportunity to properly serve Arch. Arch's motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the Court will give Plaintiffs until **June 5, 2024** to serve Arch under Federal Rule of Civil Procedure 4(m)

DATED: March 7, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE